UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| MESHACH MILLER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 1:17-cv-00901-TWP-DML |
| | ) |
| CITY OF RICHMOND, JEREMY WORCH in his individual and official capacities, CHASE PATTON in his individual and official capacities, and CHARLES IRVIN in his individual and official capacities, | ) ) ) ) ) ) |
| | ) |
| Defendants. | ) |

**ENTRY ON PLAINTIFF'S PETITION FOR ATTORNEYS' FEES AND COSTS**

This matter is before the Court on Plaintiff Meshach Miller's ("Miller") Petition for Award of Attorneys' Fees and Costs pursuant to 42 U.S.C. § 1988 (Filing No. 33). Miller filed this action on March 23, 2017, under 42 U.S.C. § 1983 against the City of Richmond (Indiana), Jeremy Worch ("Officer Worch"), Chase Patton ("Officer Patton"), and Charles Irvin ("Officer Irvin") (collectively, "Defendants"). The Defendants sent an Offer of Judgment to Miller, which he accepted on January 23, 2018. *Id.* at 1. Unfortunately, the parties were unable to agree on the issue of Miller's attorneys' fees and costs. The Defendants filed a timely Response in opposition to the amount of attorneys' fees requested by Miller's counsel (Filing No. 36). For the following reasons, Miller's Petition for Award of Attorneys' Fees and Costs is **granted in part**, and **denied in part**.

I. **BACKGROUND**

The claims in this action surround the following allegations. On or about March 20, 2016, Miller was followed by officers of the City of Richmond Police Department (the "Officers"), which resulted in a vehicle pursuit. Miller crashed the vehicle that he was driving, exited the

vehicle and surrendered to the Officers by placing his hands in the air and laying facedown as he was instructed. After being handcuffed, Officer Worch placed his knees on Miller's head and hit Miller in the head with his knee or knees. Officer Irvin also put his knees on Miller's back and struck Miller with his knees. Officer Patton was also on the scene. None of the officers in close proximity stopped the excessive use of force. As a result of the force, Miller sustained a swollen and black eye in addition to a broken blood vessel in his eye. Miller was taken to the hospital and then transported to the Wayne County Jail. Following the incident, Miller filed an internal affairs complaint against Officers Worch, Irvin and Patton. The Deputy Chief of Police of the City of Richmond, Major Jon Bales, responded to Miller's complaint in a letter indicating that an internal investigation had been conducted and found only Officer Worch in violation of departmental rules pertaining to use of force, handcuffed prisoners, and proper documentation through reports. (Filing No. 1 at 3-4.)

Miller filed a Complaint on March 23, 2017, raising claims pursuant to 42 U.S.C. § 1983 against the Defendants. (Filing No. 1.) On January 12, 2018, the Defendants tendered an Offer of Judgment "in the total amount of … []$25,001[]; plus reasonable attorneys' fees that are recoverable pursuant to 42 U.S. § 1988, expenses, and costs to which Plaintiff is entitled to as of the date of this offer to be determined by the Court". (Filing No. 30-1 at 2.) Thereafter, Miller filed a Notice of Acceptance of Offer of Judgment on January 23, 2018. (Filing No. 30.)

On January 24, 2018, Miller's counsel sent the Defendants' counsel an itemized breakdown of time entries and hourly rates for the attorneys and staff that participated in Miller's representation (Filing No. 35-1). The parties attempted to resolve the attorneys' fees and costs issue but were unable to reach an agreement. Miller's counsel asks for $18,110.00 in attorneys'

fees, a 30% enhancement of $5,556.14, and $410.46 in costs for a total amount of $23,953.46. ([Filing No. 33](#).)

The Defendants assert that because the lodestar calculation adequately covers expenses related to Miller's attorneys' fees and costs, the Court should not grant enhancement fees ([Filing No. 36 at 6-7](#)). In addition, Defendants contend the hourly rate requested by Miller's counsel is above the Indianapolis average hourly rate given the experience of counsel. (*Id*. at 5-6.)

Miller's counsel asserts that the rates are reasonable and he provides affidavits in support of his assertion. ([Filing No. 35-2.](#)) Miller's counsel also asserts that his expertise and experience related to the City of Richmond was not accounted for in the hourly rate and argues that his expertise supports enhancement of his fee. ([Filing No. 37 at 4](#).)

## II.  LEGAL STANDARD

The American Rule regarding an award of attorney fees is that "[e]ach litigant pays his own attorney's fees, win or lose, unless a statute or contract provides otherwise." *Hardt v. Reliance Standard Life Ins. Co.*, 560 U.S. 242, 253 (2010). Pursuant to statute, the court, in its discretion, may allow the prevailing party in a proceeding to enforce a provision of 42 U.S.C. § 1983, reasonable attorney's fees. 42 U.S.C. § 1988.

The United States Supreme Court identified a two-step process for determining attorneys' fees. The first step requires the fee applicant to be a prevailing party. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). If the fee applicant is determined to be the prevailing party, the second step is to determine the amount of a reasonable fee based on the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate. *Id*. This 'lodestar' method is generally accepted as producing a reasonable fee. *Gastineau v. Wright*, 592 F.3d 747, 748 (7th Cir. 2010). But the court "has the flexibility to adjust that figure to reflect various factors including the

complexity of the legal issues involved, the degree of success obtained, and the public interest advanced by the litigation." *Id.* (internal quotation marks omitted).

### III. DISCUSSION

Miller's counsel contends he is entitled to attorneys' fees which include time spent investigating an unpursued tort claim, as well as an enhancement fee pursuant to 42 U.S.C. § 1988. Counsel seeks $18,110.00 in attorneys' fees, a 30% enhancement of $5,556.14, and $410.46 in litigation costs, for a total amount of $24,076.60. ([Filing No. 35-2](#)). In support of the Motion, counsel submitted an itemized, detailed billing statement of the hours expended and rates charged in this matter, and an affidavit in support of his market rate. Defendants contend that Miller's attorney's fees are unreasonable, the tort claim should not be considered because it was not raised in the case, and an enhancement fee is not warranted because the attorney's fees adequately cover what is claimed. The Court will address each argument in turn.

### A. Attorneys' Fees

Miller's lead attorney, Scott Barnhart ("Barnhart"), a founding partner of his law firm, charges an hourly rate of $450.00 ([Filing No. 35-3 at 4](#)), and Brooke Smith ("Smith"), an associate attorney, charges an hourly rate of $300.00 ([Filing No. 35-4 at 2](#)). Defendants argue the rates are above the market rate and are unreasonable based on the amount of experience of the attorneys.

"The market rate is 'the rate that lawyers of similar ability and experience in the community normally charge their paying clients for the type of work in question.'" *Eddleman v. Switchcraft*, 965 F.2d 422, 424 (7th Cir. 1992), *quoting, Henry v. Webermeier*, 738 F.2d 188, 193 (7th Cir. 1984). "The burden is on the fee applicant to produce satisfactory evidence" to establish the appropriate market rate. *Blum v. Stenson*, 465 U.S. 886, 896, n. 11 (1984). The best evidence of the market rate is the hourly rate the attorney customarily charges paying clients for similar

4

work. *Barrow v. Falck*, 977 F.2d 1100, 1105 (7th Cir. 1992). Affidavits from other attorneys who practice in the same market indicating the rates they charge to paying clients for similar work can also be of assistance. *Eddleman*, 965 F.2d at 425. Moreover, "[i]t is not the court's obligation to search the record and scrutinize figures used to calculate attorneys' fees just because a party broadly attacks the veracity of the figures." *Eirhart v. Libbey-Owens-Ford Co.*, 996 F.2d 846, 851 (7th Cir. 1993) (citing *Walton v. United Consumers Club, Inc.,* 786 F.2d 303, 315 (7th Cir. 1986) ("When a brief does not . . . [state the facts necessary to support a legal claim], the court will not root about in the record in the hope that something will turn up.")).

The Defendants do not provide any supporting evidence of Indianapolis civil rights attorneys' market rates nor any other support for lower reasonable attorneys' rates besides citing to other cases. They assert that Barnhart's reasonable rate should be reduced to $300.00 per hour given his twelve (12) years of experience, of which only six (6) years are dedicated to civil rights litigation. The Defendants assert a reasonable rate for Smith's services should be $150.00 an hour given her two and a half (2 ½) years of experience. The Defendants assert that the reasonable rate suggested is comparable with the market rate of an Indianapolis civil rights attorney; however, Defendants do not provide evidence as to how these rates are in line with current market rates.

Miller provides an affidavit from Richard Waples ("Waples"), an attorney in good standing with the Indiana bar ([Filing No. 35-2](Filing No. 35-2)) and more than thirty (30) years of experience as a civil rights attorney. Waples states that he stays abreast with the local Indianapolis rate for civil rights litigation which range from $200.00 to over $600.00 per hour. (*Id*. at 2.) Based on Barnhart's skill and experience, Waples asserts that Barnhart's $450.00 per hour rate is reasonable. (*Id.*) No other affidavits were provided. The affidavit provided by Miller from Waples, an attorney familiar with the market rate, is sufficient to establish the Indianapolis market rate for civil rights litigation.

The fee applicant bears the burden of producing evidence to establish a reasonable amount for attorneys' fees and, if that burden is met, the responding party must offer evidence asserting, "a good reason why a lower rate is essential." *People for Care v. Rockford Bd.*, 90 F. 3d 1307, 1313 (7th Cir. 1996). Miller's counsel have met their burden to produce satisfactory evidence to establish the stated market rate. Defendants have not offered evidence supporting a lower rate.

The Defendants also assert that Miller's counsel expended an excessive amount of time on certain tasks. Arriving at an appropriate fee award should be on "the significance of the overall relief obtained by the plaintiff in relation to the hours reasonably expended on the litigation. *Spanish Action Comm. v. Chicago*, 811 F.2d 1129, 1133 (7th Cir. 1987) (quoting *Hensley v. Eckerhart*, 461 U.S. at 435). A fee applicant is expected to exercise "billing judgment" in deciding which hours to bill one's adversary. *Spegon v. Catholic Bishop*, 175 F.3d 544, 552 (7th Cir. 1999). "Billing judgment consisting of winnowing the hours actually expended down to the hours reasonably expended." *Id.* (quoting *Case v. United Sch. Dist. No. 233*, 157 F.3d 1243, 1250 (10th Cir. 1998)). In exercising "billing judgment," counsel for the prevailing party should exclude from a fee request hours that are excessive or otherwise unnecessary from his fee submission. *Id.*

Defendants argue that Barnhart's assertion that 18.4 hours was spent on "preparing summary of medical records" is unreasonable given that Miller's injuries involved only his left eye and that their counsel used only 3 hours for their review. The medical records disclosed consisted of one hundred pages. (*See* [Filing No. 36 at 9](#).) Counsel for Miller asserts that the 18.4 hours included counsel's staff not only reviewing the records, but also analyzing and summarizing those materials for attorney use throughout the case. ([Filing No. 37 at 5](#).) The time logs reflects that staff and attorneys' spent time on ten (10) separate days working on a summary of the medical records. The Court agrees that 18.4 hours to analyze and summarize approximately 100 pages of

medical records relating to a popped blood vessel in one's eye appears excessive, and does not align with exercising billing judgment given that the medical records were relatively a small record size. Therefore, the Court believes nine (9) hours of time is reasonable.

The Defendants next assert that Miller's counsel billed excessive time for drafting an eight page complaint given counsel's claimed knowledge and experience. The Defendants would like the time reduced from 6.2 hours to less than six hours. The Court finds no issue with counsel's asserted time and finds it to be reasonable.

The Defendants also assert that counsel is not entitled to fees for overhead tasks by Smith for 0.4 hours which included "meeting with clerk," "emails to clerk," and "client file organization". These tasks are reasonable, therefore, the requested fee is awarded.

**B.** **Fees for the Tort Claim**

Counsel for Miller request attorneys' fees for time expended on researching a notice of tort claim, despite the tort claim not being filed in this action. ([Filing No. 36 at 8-9](#).) Defendants seek exclusion of fees related to the tort claim. If an abandoned claim is related to a successful claim by a common core of facts, then the hours spent on the related but unsuccessful claim should not be excluded from a compensation calculation. *Hensley*, 461 U.S. at 435. Tort claims can relate to civil rights claims through a common core of facts. *Yager v. Metzcus*, 1994 U.S. Dist. LEXIS 20515 (N.D. Ind. 1994). The tort claim is directly related to the common core of facts cited in this case as Miller suffered an injury. Additionally, the Offer of Judgment settles all federal and state law claims that Miller may have, and the statute of limitations has not run on the tort claim. ([Filing No. 37 at 5](#).) Accordingly, Miller is entitled to fees related to time spent on the tort claim notice totaling 2.8 hours.

C.      **Enhancement Fees**

Miller's lead attorney Barnhart requests an enhancement fee of 30%, or $5,556.14. Barnhart asserts that although Waples' affidavit considered his skill, experience, and his quality of work, the reasonable hourly rate does not account for his experience pertinent to this particular matter. Barnhart cites numerous cases in which he has represented plaintiffs against the City of Richmond resulting in a special familiarity. ([Filing No. 34 at 6](#).)

Enhancements may not be awarded based on a factor that is subsumed in the lodestar calculation. *Perdue v. Kenny A., 559 U.S. 542,* 553. The Court determines that counsel is not entitled to enhancement fees because there are no facts to support that the lodestar calculation does not adequately cover Barnhart's skill and experience in this matter. Enhancements may be awarded in "rare" and "exceptional" cases. *Id. at* 552. The novelty, complexity and quality of an attorney's performance generally should not be used to adjust the lodestar because it is normally reflected in the reasonable hourly rate. *Id*. The fee applicant must produce specific evidence that supports an enhancement. *Id*. Enhancement may be appropriate when the reasonable rate calculation does not adequately measure the attorney's true market value, as demonstrated in part during the litigation. *Id*.

Barnhart cites specific evidence in support of enhancement fees. He asserts that his experience regarding this matter is superior to what is reflected in the lodestar calculation. In support, Barnhart notes that Waples stated he is familiar with his work and the $450.00 per hour rate is reasonable for his experience, skill, and quality of work. In addition, he argues the Defendants settled with Miller less than one year after initiation of the lawsuit. The Court finds that the lodestar calculation and $450.00 per hour rate adequately reflects Barnhart's skill and experience. There is a strong presumption in favor of the lodestar reflecting reasonable fees. *Blum*

*v. Stenson,* 465 U.S. 886, 901 (1984).  There is no evidence that the Defendants settled due to Barnhart's familiarity with the Defendants in other cases ([Filing No. 34 at 7](#)).  As such, Miller's request for a 30% enhancement fee is **denied**.

**D.     Costs**

The Defendants do not raise any arguments against the asserted $410.46 in costs associated with the filing fee and postage in this matter.  Pursuant to 28 U.S.C. § 1920, certain fees and costs associated with a case may be awarded to a prevailing party.  The filing fee and postage in this matter is recoverable and Miller's request for costs is **granted**.

### IV.     CONCLUSION

For the reasons explained above, Plaintiff's Petition for Award of Attorneys' Fees and Costs ([Filing No. 33](#)) is **GRANTED in part and DENIED in part.**  Counsel's request for a 30% enhancement fee of $5,556.14 is **denied**.  Counsel is **awarded** attorneys' fees in the amount of $17,520.00 and costs in the amount of $410.46 for a total of $17,930.46.

**SO ORDERED.**

Date:  9/14/2018

*[Signature: Tanya Walton Pratt]*

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

DISTRIBUTION:

Scott Leroy Barnhart
ATTORNEY AT LAW
barnhart@kbindy.com

Brooke Smith
KEFFER BARNHART LLP
Smith@KBindy.com

Matthew Scott Clark
KNIGHT HOPPE KURNIK & KNIGHT LTD
mclark@khkklaw.com

Alexandra M. Shenoo
KNIGHT HOPPE KURNIK & KNIGHT LTD (Rosemont)
ashenoo@khkklaw.com

Joseph W. Smith
KNIGHT HOPPE KURNIK & KNIGHT LTD (Schererville)
jsmith@khkklaw.com